UNITED STATES *v.* HENLE WAX PAPER MFG. CO. (No. 2183).[1]

CELLOPHANE IN SHEETS.

Cellophane in sheets is dutiable neither as artificial silk by similitude under paragraph 319, tariff act of 1913, nor as nonenumerated manufactures under paragraph 385, but by similitude as manufactures of gelatin under paragraph 34.— Rolland Frères (Inc.) *v.* United States (11 Ct. Cust. Appls. 321; T. D. 39141.)

United States Court of Customs Appeals, May 7, 1923.

APPEAL from Board of United States General Appraisers, Abstract 44918.

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson* and *Samuel Isenschmid,* special attorneys, of counsel), for the United States.

*Brooks & Brooks* (*Frederick W. Brooks, jr.,* and *Ernest F. A. Place* of counsel) for appellee.

---

[1] T. D. 39627.

[Oral argument March 21, 1923, by Mr. Richardson and Mr. Place.]

Before MARTIN, Presiding Judge,. and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Cellophane in sheets was classified by the collector of customs as yarns, threads, or filaments of artificial silk and subjected to a duty of 35 per cent ad valorem under the provisions of paragraph 319 of the tariff act of 1913, which, in so far as pertinent, reads as follows:

PAR. 319. Yarns, threads, filaments of artificial or imitation silk, * * * by whatever name known and by whatever process made, 35 per centum ad valorem.

The importer protested that the merchandise was not dutiable as artificial silk and claimed that it was dutiable either by similitude, at 25 per cent ad valorem under paragraph 34 or at 15 per cent ad valorem under paragraph 385 of the tariff act of 1913. In so far as pertinent paragraphs 34 and 385 are as follows:

PAR. 34. * * * manufactures of gelatin or manufactures of which gelatin is the component material of chief value, 25 per centum ad valorem.

PAR. 385. That there shall be levied, collected, and paid * * * on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

The Board of General Appraisers held that the merchandise in controversy was a nonenumerated manufactured article and therefore subject to the duty of 15 per cent ad valorem prescribed by paragraph 385.

From that decision the Government appealed and now contends that the merchandise is dutiable at 25 per cent by similitude to manufactures of gelatin under paragraph 34.

It is agreed by the Government and the importer that the merchandise in issue is similar in all material respects to the cellophane in sheets, which was held by this court to be similar in appearance, quality, and texture to gelatin sheets and therefore dutiable under paragraph 34 by virtue of the provisions of paragraph 386.

In view of the agreement of counsel as to the nature and character of the merchandise and of our decision in Rolland Frères (Inc.) v. United States (11 Ct. Cust. Appls. 321; T. D. 39141), we must hold that the importation was dutiable at 25 per cent ad valorem under paragraph 34 and not at 15 per cent ad valorem under paragraph 385 as found by the board.

The decision of the Board of General Appraisers is *reversed*.